**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fawn Michelle M Acuna, | No. CV-21-00360-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff seeks judicial review of the Social Security Administration ("SSA") Commissioner's decision denying his application for SSA disability benefits. Plaintiff filed an Opening Brief (Doc. 15) on December 2, 2021. Defendant filed a Response Brief (Doc. 18) on March 4, 2022. Plaintiff filed his Reply Brief (Doc. 19) on March 19, 2022. The Court has reviewed the briefs and the Administrative Record (Doc. 11, "R."). For the following reasons, the Court affirms the Administrative Law Judge's ("ALJ") decision.

**I.     Background**

On September 21, 2015, Plaintiff filed an application for a period of disability and disability benefits. (R. at 15). Prior to an administrative hearing, Plaintiff amended her alleged onset date to June 23, 2014. (*Id.*) The ALJ issued an unfavorable decision, which Plaintiff appealed. (*Id.*) The Appeals Council remanded the matter to the ALJ because of an incorrect date last insured. (*Id.*) Again, the ALJ issued an unfavorable decision. (R. at 12). The Appeals Council denied review of that decision. (R. at 1). This appeal followed.

In its most recent decision, the ALJ found that Plaintiff's obesity, lumbar

degenerative dis disease, cervical degenerative disc disease, migraines, personality disorder, bipolar depression, anxiety disorder, and post-traumatic stress disorder were severe impairments. (R. at 18). The ALJ also found that Plaintiff's symptom testimony was "not entirely consistent with the medical evidence and other evidence in the record . . . ." (R. at 24). In reviewing the record, the ALJ considered the opinions of several doctors and psychiatrists. Of relevance to this appeal, the ALJ assigned little weight to the opinions of Drs. Howard Robinson, D.O.; Richard Teff, M.D.; and Brent Geary, Ph.D. (R. at 28–29).

The ALJ concluded that Plaintiff "was not under a disability . . . at any time from . . . the alleged onset date, through . . . the date last insured . . . ." (R. at 31). The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, with several exceptions. (R. at 23).

## II. Standard of Review

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III. Discussion**

On appeal, Plaintiff challenges (1) the weight assigned to her treating physicians and examining psychologist and (2) the ALJ's discounting of her symptom testimony.

**A. Opinion Testimony**

Generally, an ALJ weights a treating physician's opinion more heavily than a non-treating physician's opinion. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). However, "[a]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (cleaned up). "When faced with contradictory opinions, the ALJ must give specific and legitimate reasons supported by substantial evidence in the record to reject a treating physician's opinion." *Belanger v. Berryhill*, 685 F. App'x 596, 598 (9th Cir. 2017). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Plaintiff challenges the ALJ's decision to assign little weight to three opinions.

The Court first addresses Drs. Robinson and Teff. Dr. Robinson opined that Plaintiff's fibromyalgia and spinal stenosis caused pain that precluded an eight-hour workday. (R. at 1081). He opined that Plaintiff could only sit, stand, or walk for less than two hours in a workday, and that she could only lift or carry less than ten pounds. (*Id.*) The ALJ assigned little weight to the opinion because Dr. Robinson failed to identify what evidence he relied on when determining the limitations and because his "sparse" records "contain little to no objective findings . . . ." (R. at 28). Dr. Teff opined that Plaintiff could only sit, stand, or walk for less than two hours, and that her impairments precluded an eight-hour workday. (R. at 1112). As with Dr. Robinson, the ALJ found that Dr. Teff failed to show what evidence was relied on in establishing these limitations and that the limitations are "inconsistent" with a May 2018 exam that he gave her showing "full range of motion of the cervical spine, normal strength in the upper extremities, no gross sensory loss in the hands, and no hyper-reflexes . . . ." (R. at 28).

Plaintiff argues that the check-box questionnaires suffice to support medical opinions and that Dr. Robinson and Dr. Teff's opinions are supported by the record. However, an ALJ may properly discredit a treating physician's opinions for being conclusory and brief. *See Batson*, 359 F.3d at 1195. In addition, an "ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (cleaned up). Therefore, the ALJ gave a legitimate reason for discounting the check-box questionnaires.

In addition, the Court agrees with the ALJ's finding that other exams show "normal motor strength, sensation, and reflexes" and so are inconsistent with the opinions. (R. at 28). One April 2016 record shows that Plaintiff's symptoms were improved when she stopped riding horses. (R. at 759). Although Plaintiff argues that the ALJ cherry picked findings when noting that Dr. Teff's May 2018 exam, these medical findings do indeed contradict his opinion, such a contradiction provides proper grounds for discounting the opinion testimony. *See Batson*, 359 F.3d at 1195.

The Court turns to Dr. Geary's opinion, which found that Plaintiff qualifies for

depressive disorders, anxiety disorders, personality disorders, and post traumatic stress disorder. (R. at 1174). He found these disorders present "significant limitations" in Plaintiff's ability to work with others or maintain a regular work schedule "without telling interference from emotional and behavioral symptoms." (*Id.*) The ALJ afforded this opinion little weight because it was inconsistent with psychometric testing conducted by Dr. Geary showing "limitations in concentration." (R. at 29). In addition, the ALJ noted that "the medical evidence of record fails to support marked or extreme limitation in the area of social functioning. While the claimant has some limitations in this area of functioning, she does interact" with some family and friends. (*Id.*) In other instances, the ALJ noted, her "demeanor has been characterized as cooperative and pleasant on numerous occasions by doctors and other individuals . . . ." (*Id.*)

Plaintiff argues that the opinion accounted for concentration limitations when indicating that she would be off-task roughly 16-20% of the time during an eight-hour workday. (Doc. 15 at 19) (citing R. 1176). And Plaintiff argues that the record also shows instances where she was "irritated, angry, belligerent, and was inappropriate with providers." (*Id.* at 20). As a result, Plaintiff argues that the ALJ failed to offer "specific and legitimate reasons for rejecting" Dr. Geary's opinion. (*Id.* at 15).

The Court finds that there was substantial evidence in the record to support the ALJ's decision to afford Dr. Geary's opinion little weight. First, the ALJ acknowledged that Plaintiff "has shown limitations in concentrating that reasonably limits her to understanding, remembering, and carrying out simple instructions." (R. at 26). Second, there is substantial evidence in the record, cited to by the ALJ, showing Plaintiff often presented with a euthymic and cooperative mood. (R. at 29) (citing R. at 558, 593, 841, 1003, 1206).

Overall, the ALJ did not err in assigning weight to the opinions of Drs. Robinson, Teff, and Geary.

### B. Symptom Testimony

Provided that a claimant is not malingering, an ALJ may "reject the claimant's

testimony about the severity of [the] symptoms" provided that the ALJ also explains her decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). Here, Plaintiff testified that she was unable to work because of pain in her neck, shoulder, back, and leg. She also reported insomnia, migraine headaches, and depression. The ALJ found that these symptoms were reasonably expected, but that the record did not support her claims about the symptoms' "intensity, persistence and limiting effects . . . ." (R. at 24).

Plaintiff argues that the ALJ "failed to show that anything specific in the medical record was inconsistent with any particular portion of Acuna's symptom testimony." (Doc. 15 at 22). But the Court rejects this assertion; the ALJ plainly did cite to specific portions of the record that contradicted the symptom testimony. The ALJ noted that Plaintiff's migraines, according to neurology records, were likely due to poor sleep, and yet Plaintiff "was noncompliant" with the recommended use of a CPAP machine. (R. at 24). In addition, medical records show "intact cranial nerves, a non-antalgic gait, intact strength in all extremities, and normal sensation . . . ." (*Id.*) There was no evidence, the ALJ noted, that Plaintiff sought treatment in urgent care and emergency centers for headache, nor had she received any Botox injections or frequent changes in her medication. (*Id.*) As to her spinal pain, records show her symptoms improved when she stopped riding horses and after spinal surgery. (R. at 24–25). Plaintiff reported to pain treatment specialists that her treatment had relieved 90–100 percent of her pain. (R. at 25). And records show that Plaintiff's mental impairments have been positively influenced by treatment and that she has generally presented with a normal mood. (R. at 26). The Court finds that the ALJ supported the decision to discount the symptom testimony with clear and convincing evidence.

**IV.   Conclusion**

The Court finds that substantial evidence supports the ALJ's decision.

/ / /

/ / /

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly and terminate this action.

Dated this 17th day of August, 2022.

Honorable Diane J. Humetewa
United States District Judge